# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

In re TROY A. SMOCKS

Case Number: 4:22-cv-00838

AMENDED EMERGENCY PETITION FOR WRIT OF PROHIBITION

I.  VENUE

This lawsuit attacks the unlawful conduct of the United States Probation Office for the Eastern District of Texas under Circuit Law and Texas statutory law. This action is predicated under the Courts Constitutional powers pursuant to 28 U.S.C. § 1651(a), which prescribes:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

II.  SUBJECT MATTER JURISDICTION

This Petition for Writ of Prohibition is predicated upon Rule 21(a) .

Mark J. Lieberman
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772  telephone
mjc358@hotmail.com
Attorneys for Troy Anthony Smocks
Dated: September 30, 2022

## STATEMENT OF RELATED CASES

This cause is predicated upon the underlying related cases:

(a) Petition For Writ of Habeas Corpus, In re Smocks, E.D. of Texas Case No. 4:22-cv-00592-ALM-KPJ.

(b) United States v. Smocks, U.S. District Court District of Columbia, Case No. 1:21-cr-00198-TSC.

## RELIEF SOUGHT

Troy Anthony Smocks known from hereinafter as the ("Relator") respectfully requests that the Court grant its peremptory Writ of Prohibition and: (1) abstain the United States Probation Office for the Eastern District of Texas, and its officers, from forcefully installing upon the Relator's electronic devices to include but not limited to, his personal computer(s) and cellular phone, a software tool that will: (1) aid in the infringement upon the Relator's First Amendment Right to exercise the freedom of speech, as guaranteed by the Constitution of the United States, and Article 1 Section 8 to the Texas State Constitution; and (2) abstain the United States Probation Office from offending the September 16, 2022, opinion of the Fifth Circuit Court of Appeals in *NetChoice, LLC v. Paxton*, 21-51178 and the statutory laws to the state of Texas, where the First Amendment Rights of Texans are concerned.

## ISSUES PRESENTED

**(a)** Whether the United States Probation Office for the Eastern District of Texas should be abstained from violating Texas statutory law, and the Fifth Circuit Court of Appeals, September 16, 2022 Circuit Law established in *NetChoice, LLC v. Paxton*, 21-51178, regarding the censorship of speech and for violating the privilege of attorney work product.

**(b)** Whether this Court should direct the United States Probation Office for the Eastern District of Texas and its subordinate officers, to abstain from forcefully installing upon the Relator's personal and private electronic devises a software program for allowing the government to monitor and unlawfully censor the Relator's right to free and protected speech, and attorney client privilege.

## FACTS NECESSARY TO UNDERSTAND PETITION

1. The Relator is a resident of Texas for the purpose of *NetChoice* and resides in the Eastern District of Texas.

2. The Relator serves as legal assistant for various criminal lawyers throughout the United States and operates under the privilege of Attorney Work Product.

3. On July 6, 2022, the Relator brought forth a free standing claim of actual innocence in a pending habeas corpus action in the United States District Court for the Eastern District of Texas, Case No. 4:22-cv-00592-ALM-KPJ, predicated upon

"constitutionally protected *political speech*" involving a cell phone communication on "January 6th", and relating to the 2020, Presidential Election where the Relator favored President Donald J. Trump, against opposing District of Columbia political viewpoints.

4.  On July 27, 2022, officers from the United States Probation Office for the Eastern District of Texas, made contact with the Relator and requested that Relator voluntarily sign a document entitled Waiver of Hearing to Modify Conditions of Probation / Supervised Release or Extend Term of Supervision. See *(Exhibit 1)*. Under the advice of counsel the Relator declined to voluntarily sign the waiver.

5.  On July 28, 2022, counsel for the Relator notified the United States Probation Office for the Eastern District of Texas, that Relator had recently filed with the Eastern District of Texas, a Petition for Writ of Habeas Corpus challenging the validity of restraint against the Relator on the bases of insufficient jurisdiction in the District of Columbia federal courts.

6.  Counsel advised the U.S. Probation Office via email, that due to the July 6, 2022, filing for habeas relief, jurisdiction over the Relator and validity of the underlying case was now vested in the habeas corpus court under U.S. District Judge Amos Mazzant III. See *(Exhibit 2)*.

7.  On September 7, 2022, the United States Probation Office for the Eastern District of Texas, filed with the district court in the District of Columbia, a request

to modify the Relator's terms and conditions of Supervised Release, so as to allow the U.S. Probation Office and its subordinates, authority to search at will, the Relator's electronic devises to include computers, cell phones, and all *third party* devices that the Relator may use in the course of business, studies, finances, religious, and social related activities. See *(Exhibit 3 at Page ¶ 2)*.

8. On September 17, 2022, the Relator was served with a Summons to Appear via Zoom, before the district court for the District of Columbia on Tuesday, October 4, at 12:30 to formally address the request by the United States Probation Office. See *(Exhibit 4)*.

9. This Petition For Writ of Prohibition diligently followed.

## REASONS FOR GRANTING THE WRIT

10. This Court should grant the writ so as to enforce the legal decision of the United States Court of Appeals for the Fifth Circuit. Accordingly, the recent September 16, 2022, ruling by the Fifth Circuit in *NetChoice, LLC v. Paxton*, 21-51178, establishes circuit law that prohibits, and would otherwise bar the forced application of a computer software monitoring system upon the Relator to censor protected speech. In that, the software is indented to be used as *the "Platform"* or like tool as determined by the court in *NetChoice,* for allowing the unconstitutional censorship of speech upon Texans.

11.     The objective of the United States Probation Office is to impose upon the Relator censorship based on viewpoint politics.

12.     The merits to this argument, and more specifically the censorship intended by the United States Probation Office is unambiguously stated within its pleading to modify as set out in Attached Exhibit 3, page 2 ¶ 4, where the United States Probation Office states;

> "…supervision might include prohibiting the person under supervision from owning or operating a computer, prohibiting the use of a device to access the internet, bulletin board systems, or chat rooms, and computer search."

13.     Under the terms of the proposed modification, the Relator is subjected to arbitrary control over his entire life, to include business affairs, banking, shopping, intimate communications between spouses, and other privileged conversations where the authority to ban the Relator from all technology uses rest in the discretionary viewpoints of a government agency.

14.     In the Relator's case, these prohibitions are subject to, or otherwise based on censored *speech* or the political viewpoints of the officer and the District of Columbia federal judge who imposes the new Supervised Release modification. Moreover, the Relator resides in the state of Texas which has in place statutory laws which prohibits the intended actions by the United States Probation Office.

15. Under Texas law, "censor means" "to block, ban, remove, deplatform, demonetize, de-boost, restrict, deny equal access or visibility to, or otherwise discriminate against expression."" *NetChoice, LLC v. Paxton*, No. 21-51178, at *3 (5th Cir. Sep. 16, 2022).

16. The United States Probation Office pleads in Attached Exhibit 3, page 2 ¶ 4,

    "Mr. Smocks' offense consist of using a computer devise as an instrument/tool."

17. This Court should be aware to the fact that the Relator is a former January 6th defendant, and the "offense" in question, is but one of the habeas corpus challenges now pending in this district court for First Amendment protected speech deprivation.

18. Accordingly, within that habeas challenge, Relator brings forth a free standing claim of actual innocence predicated upon "constitutionally protected *political speech*" involving a cell phone communication on "January 6th", and relating to the 2020 Presidential Election where Relator favored President Donald J. Trump, against the opposing District of Columbia political viewpoints.

19. As the court just determined in *NetChoice,* the employment of such a software application like the one intended for use against the Relator, forms as the *Platform* or at best, a symbolic version thereof, meant to censor or otherwise *chill* First Amendment political speech. Whereas the result of such a software application as intended by the United States Probation Office, constitutes a First

Amendment restriction on not merely the Relator's speech, but serves equally to censor "*other people's speech*" within the Relator's constitutionally protected right to "*receive*" such speech by other people. *NetChoice, LLC v. Paxton*, No. 21-51178, at *2-3 (5th Cir. Sep. 16, 2022). Again this conduct is statutorily unlawful in the state of Texas.

> "…the business of the *** platforms is hosting the speech of others. Functioning as conduits for both makers and recipients of speech, **** It follows from the first two cases that in arbitrarily excluding from their platforms the makers of speech and preventing disfavored speech from reaching potential audiences" *NetChoice, LLC v. Paxton*, No. 21-51178, at *90 (5th Cir. Sep. 16, 2022)

20. As the Court of Appeals continued to determine in *NetChoice,*

> "Numerous members of the public depend on social media platforms to communicate about civic life, art, culture, religion, Case: 21-51178 Document: 00516474571 Page: 55 Date Filed: 09/16/2022 No. 21-51178 56 science, *politics,* school, family, and business. The Supreme Court in 2017 recognized that social media platforms "for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge." *Packingham*, 137 S. Ct. at 1737. The Court's *"modern public square"* label reflects the fact that in-person social interactions, cultural experiences, and economic undertakings are increasingly being replaced by interactions and transactions hosted or facilitated by the Platforms. (Emp added) *** These decisions reflect the modern intuition that the Platforms are the forum for *political discussion and debate*, and *exclusion from the Platforms amounts to exclusion from the public discourse*. And for many, the Platforms are also no less

central to quotidian discussions about matters like school, family, and business, than they are to debates about politics, science, and religion." (Emp added)

The practical upshot is that telephone companies, email providers, shipping services, or any other entity engaged in facilitating speech can acquire a First Amendment license to censor disfavored viewpoints by merely gesturing towards "safety" or "dignity." That is not the law, as *Miami Herald* and *Turner I* illustrate and *PruneYard* and *Rumsfeld* confirm. *NetChoice, LLC v. Paxton*, No. 21-51178, at *87 (5th Cir. Sep. 16, 2022)

21. Pursuant to *NetChoice* and those cases relied upon, the United States Probation Office is an "entity" within the Court's descriptive language pertaining to "*any other entity engaged in facilitating speech…*"

22. Under Texas state law and the Fifth Circuit Court of Appeals decision in *NetChoice,* the United States Probation Offices (at lease those facilitated in the state of Texas) that engage in speech censorship under the guise of "safety and dignity" are statutorily prohibited from forcefully installing a software application upon the Relator's electronic devices that are meant for censoring speech.

23. The *NetChoice* court determined that for Section 7 to apply, a censored user must reside in Texas, do business in Texas, or share or receive expression in Texas. *Id.* § 143A.004(a)-(b). Accordingly, the Relator is a Texan. "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to

the lowest, are creatures of the law, and are bound to obey it. *Bowdoin v. Malone*, 284 F.2d 95, 100 (5th Cir. 1960).

## THE ATTORNEY WORK PRODUCT FACTOR

24. The Relator has reasonable cause to fear that the *new* probation modification recommendation by the United States Probation Office may inadvertently serves as a tactical tool for allowing the government to know the civil ligation strategies, and communications between the Relator and his civil litigations law firm, against agents of the federal government itself. As evidenced by the pleading of the United States Probation Office which provides;

> "The special condition the Court imposed originally only allows the USPO to ensure the person under supervision is not tampering with or circumventing the computer monitoring software." See (Attached Exhibit 3 Page 2 ¶ 3.

25. The "original" condition by the District of Columbia was inapplicable to the Relator for reason that Relator's underlying offence was predicated solely on *speech* opposed to fraud, theft or pornography. Moreover, the Relator has been an essential part to the legal defense teams of various January Six criminal defendants whose cases are still pending before the federal district courts in the District of Columbia.

26. The Relator routinely conducts online legal research for *this* attorney, and other defense counsels all across the country, and that, said research is vital to the affective assistance of relevant defense counsels.

27. Because of this factor, Relator's computer devises and electronic data are protected and privileged from government monitoring under attorney client work product. "The work-product doctrine protects materials prepared by or for an attorney in preparation for litigation. *Hickman v. Taylor,* 329 U.S. 495 (1947). "The law of the Fifth Circuit is that privilege can apply where litigation is not imminent." " *Premier Dealer Servs., Inc. v. Duhon*, CIVIL ACTION NO: 12-1498, at *7 (E.D. La. Nov. 8, 2013). The recommendation of the United States Probation Office is unconstitutional on its face as applied to the Relator.

28. Due to the events of "January 6th" the Relator is engaged in several civil lawsuits against agents of the federal government to include the underlying habeas corpus action now pending in the Eastern District of Texas. Accordingly, said litigation requires the Relator to communicate with his legal counsel, and other members of the litigation team, absent governmental intrusion into the Relator's privacy and litigation strategies. "Such a privacy interest exists in the electronic contents of computers and cell phones. *See Riley v. California* , —— U.S. ——, 134 S.Ct. 2473, 2485, 189 L.Ed.2d 430 (2014)" *United States v. Turner*, 839 F.3d 429, 434 (5th Cir. 2016).

## THE INHERENT RIGHT TO PRIVACY FACTOR

29. The recommendation of the United States Probation Office violates Texas statutory law, the Relator's Fourth Amendment Privacy Right and the Fifth Amendment's inherent right against would be self incrimination. "Cell phones are sophisticated devices holding a wealth of personal information and comprehensive insight into a person's privacy." *Scott v. Complete Logistical Servs.*, CIVIL ACTION NO: 19-11672 SECTION: "T" (4), at *2 (E.D. La. July 16, 2021). In our modern day of technology, these devices are essential in business, case management, and attorney / client communications. Texas law limits the ability of entities to engage in censorship activities by imposing anti-discrimination policies. Accordingly, and like social media platforms the United States Probation Office is an entity and "may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on: (1) the viewpoint of the user or another person; (2) the viewpoint represented . . .; or (3) a user's geographic location." TEX. CIV. PRAC. &REM. CODE § 143A.002(a).

30. Further, the Relator, owns and operates a licensed business in the state of Texas, whereby such a broad and sweeping invasion into the Relator's privacy, predicated on viewpoints of the United States Probation Office would directly infringe upon the personal privacy interest of all third parties to include the Relator's business clients.

31. Third party business clients would surely find discomfort in knowing the federal government could monitor their private affairs through electronic devices with the Relator. The actions intended by the United States Probation Office, is tantamount to a death sentence for the Relator's business and livelihood. Such action would further chill confidential relations between the Relator, his Clergy, and his legal counsel. For these reasons the Court's Writ of Prohibition should issue.

**CONCLUSION**

The Relator by and through counsel prays that this Honorable Court will Grant its WRIT OF PROHIBITION upon the arguments and legal authorities presented herein.

Dated this 30th day of September, 2022.

                                                Respectfully submitted,

                                                _____
                                                Mark J. Lieberman. (12332520)
                                                1704 Pine Hills Lane
                                                Corinth, Texas 76210
                                                (817) 905-3772  telephone
                                                mjc358@hotmail.com
                                                Attorneys for Troy Anthony Smocks

## CERTIFICATE OF SERVICE

I certify that I served a copy of the Emergency Petition for Writ of Prohibition on September 30, 2022 by Certified U.S. Mail on the following persons:

Austin LaBudda
United States Probation Office
500 N. Central Expy Ste 220
Plano, Texas 75074

United States District Judge
Tanya S. Chutkan
333 Constitutional Ave. NW
Washington, DC 20001

## CERTIFICATE OF COMPLIANCE

I certify that this Emergency Petition For Writ Of Prohibition contains 2,889 words. It is formatted in the 14 point, Times New Roman font. And is formatted within 1 inch borders with the appropriate page numbers centered at the bottom of each page.

Dated this 30th day of September, 2022.

        /s/ Mark J. Lieberman
        Mark J. Lieberman. (12332520)
        1704 Pine Hills Lane
        Corinth, Texas 76210
        (817) 905-3772  telephone
        mjc358@hotmail.com
        Attorneys for Troy Anthony Smocks